EDWARD BRADLEY, Appellant, *v.* SAMUEL McLAUGH-
LIN, Respondent.

*Referee — report of, on conflicting evidence— Findings that evidence " leaves the mind*
*in doubt " — error — Mistrial.*

Appeal from a judgment in favor of the defendant, entered
upon the report of a referee.  This action was brought to recover
the value of professional services alleged to have been rendered by
the plaintiff, a physician, for the defendant and one of his grand-
children.  The referee, after finding that the plaintiff was a licensed
and practicing physician, as alleged in the complaint, reported
that, as to the other matters alleged in the complaint, he finds that
the evidence leaves the mind in doubt as to whether services
referred to therein were or were not rendered for the defendant, or
at his instance and request, or that the defendant promised to pay
for the same; and, therefore, as to these matters, he finds that the
plaintiff failed sufficently to prove the same.  And, for a like
reason, he finds that the evidence leaves the mind in doubt as to
the matters alleged by way of counter-claim in the second branch
of defendant's answer, and therefore defendant has failed to suf-
ficiently prove the same.

As matters of law, from the foregoing finding, the referee finds
and decides that judgment must be given in favor of the defend-
ant against the plaintiff for the dismissal of said plaintiff's
complaint.

The court at General Term say: "As the referee sat in the
capacity of both judge and jury, his decision may be regarded as
in the nature of a nonsuit of plaintiff, and, in that view, could
not, perhaps, be objectionable in point of form, if rendered in a
proper case.  The course of the referee in that aspect is not one to
be commended, however, because it is not safe for imitation, and
is likely to lead to injustice.  It devolves upon the court the duty
to inquire whether there was not, as to some one or more of the
allegations of the complaint, evidence which required the referee
to pass upon the questions of fact *by a finding of the facts,* one
way or the other.

On looking into the case, we find that there was no failure on the part of the plaintiff to give evidence to support all of the allegations of his complaint. On the contrary, he made out, on his part, a clear and satisfactory case by his own testimony, on which, with the corroborating proof, he was entitled, beyond doubt, to findings and judgment in his favor; but the defendant came in with flat denials of every thing, by his own testimony, thus producing a plain conflict of evidence (or at least of testimony), as to the facts alleged. If the case had been before a court and jury, there can be no doubt as to the course that must have been taken. The court must have sent the case to the jury to find the facts upon which the decision would depend; and it would have been palpable error for the court to have nonsuited the plaintiff, because the jury could not agree as to the facts. Nor could the court have taken the case from the jury " because the evidence leaves the mind in doubt." The question had become one of credibility upon conflicting testimony, and had thus passed beyond the control of the court. The case could not be disposed of until the jury had settled the conflict by a finding of fact, one way or the other. So, it seems to us, that where there is an abundance of evidence before a referee to support the allegations of either side, and the only question is to which side he shall give credit, it is his duty to pass upon the facts, and find in one direction or the other, and not say, as in this case, the conflicting evidence "leaves the mind in doubt; " and, therefore, I dismiss the complaint, because of my inability to solve the doubt. Before a jury, such a conflict is easily disposed of by a verdict against the party holding the affirmative; and that is a short mode of finding the facts. But before a referee under the Code, a more formal mode of finding the facts, by a report in writing, is requisite ; and it follows that in cases where conflicting evidence leaves the mind in doubt, it is the duty of the referee to find the facts adversely to the party holding the affirmative, and not to send up to the court a report of his inability to find them. We are therefore of opinion that the report of the referee is an improper and insufficient one, under the facts and circumstances of this case ; and, as proper exceptions were taken, we think the case ought to go back for a new trial on the ground of mistrial; for the same reason, in substance, as a case stands

for retrial where a jury fail to agree because of conflicting evidence."

*E. Y. Bell*, for the appellant.  *Briggs & Fellows*, for the respondent.

Opinion by Davis, P. J.; Daniels, J., concurred.

Judgment reversed; new trial ordered; costs to abide event.